

SO ORDERED,

*Jason D. Woodard*

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    MECHELLE S. COX                                CASE NO.13-14052

### ORDER CONFIRMING THE DEBTOR'S PLAN, AWARDING A
### FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. § 341 at which the debtor[1] appeared in person, or whose appearance was waived by order of this Court, to be examined by creditors and other interested parties, notice and an opportunity for objection to confirmation of the plan was provided to all interested parties. Any and all objections to confirmation of the debtor's plan have been resolved by prior order of this Court. The trustee having now recommended that the debtor's plan be confirmed pursuant to 11 U.S.C. § 1325, and the Court having considered this matter, does hereby find that:

A.    Written notice of the meeting of creditors held pursuant to 11 U.S.C. § 341 and of the hearing on the confirmation of the plan was given as required by Rule 2002 of the Federal Rules of Bankruptcy Procedure[2];

B.    The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title[3];

C.    Any fee, charges, or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;

D.    The petition has been filed in good faith and not by any means forbidden by law;

---

[1] The debtor is hereinafter referred to in the masculine singular, even though this may be a joint case or if the debtor is female.
[2] All references to "Rule" or "Rules" shall be interpreted as referring to the Federal Rules of Bankruptcy Procedure unless the context indicates otherwise.
[3] All references herein to "Section" or "Sections" shall refer to those sections contained in Title 11 of the United States Code.

  E. The value, as of effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

  F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by Section 1325(a)(5);

  G. The plan attached to this order has been proposed in good faith.

  H. Debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

  I. Debtor has filed all applicable Federal, State, and local tax returns as required by Section 1308.

  J. If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with Section 1325(b);

IT IS ORDERED THAT:

1. The debtor's plan is confirmed.

2. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee may order as contemplated by Section 542(b) or request the Court to order pursuant to Section 1325(c) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be disallowable to the creditor [Section 1305(c)], and the debt to be non-dischargeable as to the debtor [Section 1328(d)].

4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The trustee shall:
  a. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements pursuant to Section 1302(b)(1); and
  b. Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties, or deposits in the manner prescribed by Section 345.

6. Pursuant to Section 1326, payments shall be in the following order unless otherwise directed:
  a. Any unpaid claim of the kind specified in Section 507(a)(2);
  b. The percentage fee fixed for the trustee pursuant to Section 1302(a) or Section 586(e)(1)(B), if applicable;
  c. Any compensation due to a chapter 7 trustee pursuant to Section 1326(b)(3);
  d. Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to

provide adequate protection of the interest of any entity with an interest in the property of the estate.

7. The trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by Section 704(a)(5) and any applicable local rule.

8. The trustee shall at least once each year provide debtor and debtor's counsel a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements.

9. Ninety days after the final distribution, the trustee shall stop payment of all checks that remain outstanding and unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 [Section 347 and Rule 3001].

ALLOWANCE OF ATTORNEY'S FEES

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by Section 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $3000.00, of which $300.00 was paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee ($2700.00) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

###END OF ORDER###

Approved:

/s/ Robert Gambrell
Attorney for the Debtor


Rev. 12/2013

**CHAPTER 13 PLAN**
**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF MISSISSIPPI

CASE NO. 13-14052

Debtor **Mechelle S Cox**   SS# xxx-xx-1606   Median Income ☐ Above ☒ Below
Joint Debtor   SS#
Address **9627 Hwy 51 Courtland, MS 38620-0000**

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed. The treatment of ALL secured / priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of __60__ months, not to be less than 36 months for below median income debtor(s), or less than 60 months for above median income debtor(s).

(A)   Debtor shall pay $ __910.50__ per month to the Chapter 13 Trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:
South Panola School District
209 Booth Street
Batesville, MS 38606

(B)   Joint Debtor shall pay $____ per ( monthly / semi-monthly / weekly / bi-weekly ) to the Chapter 13 Trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:

**PRIORITY CREDITORS.**
Filed claims that are not disallowed to be paid in full or as ordered by the Court as follows:
| | | | |
|---|---|---|---|
| Internal Revenue Service: | $ 0.00 | @ 0.00 | /month |
| Mississippi Dept. of Revenue: | $ 0.00 | @ 0.00 | /month |
| Other/ | $ 0.00 | @ 0.00 | /month |

**DOMESTIC SUPPORT OBLIGATION DUE TO:**
-NONE-
POST PETITION OBLIGATION: In the amount of $ per month beginning .
To be paid ____ direct, ____ through payroll deduction, or ____ through the plan.
-NONE-
PRE-PETITION ARREARAGE: In the total amount of $ through shall be paid the amount of $ per month beginning
To be paid ____ Direct ____ through payroll deduction ____ through the plan.

**HOME MORTGAGES.** All claims secured by real property which are to be paid through the plan shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed herein, subject to the start date for the continuing monthly mortgage payment proposed herein.
MTG PMTS TO: **Flagstar Bank**   BEGINNING **12/01/2013**   @$ **747.54**   ☒PLAN ☐DIRECT
MTG ARREARS TO: **Flagstar Bank**   THROUGH **11/01/2013**   $ **3,020.06** @$ **50.33** /MO*
(*Including interest at __0.00__ %)

**MORTGAGE CLAIMS TO BE PAID IN FULL OVER PLAN TERM:**
Creditor:   -NONE-   Approx. amt. due: ____   Int. Rate: ____
Property Address: ____   Are related taxes and/or insurance escrowed   Yes   No

**NON-MORTGAGE SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(i)(I) until the payment of the debt determined as under non-bankruptcy law or discharge. Such creditors shall be paid as secured claimants the sum set out below or pursuant to other order of the Court. The portion of the claim not paid as secured shall be treated as a general unsecured claim.

Debtor's Initials **MC**   Joint Debtor's Initials ____   CHAPTER 13 PLAN, PAGE 1 OF 2
Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

| CREDITOR'S NAME | COLLATERAL | 910* CLM | APPROX. AMT. OWED | VALUE | INT. RATE | Pay Value or Amt Owed |
|---|---|---|---|---|---|---|
| First Franklin Finance | bedroom suite | No | 652.00 | 1,000.00 | 7.00% | Amt. Owed |

*The column for "910 CLM" applies to both motor vehicles and "any other thing of value" as used in the "hanging paragraph" of 11 U.S.C. § 1325

**SPECIAL CLAIMANTS** including, but not limited to, co-signed debts, abandonment of collateral, direct payments by Debtor, etc. For all abandoned collateral Debtor will pay $0.00 on the secured portion of the debt. Where the proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| CREDITOR'S NAME | COLLATERAL | Apprx Amt Owed | PROPOSED TREATMENT |
|---|---|---|---|
| First Franklin Finance | riding lawn tractor & 51"TV | 1,100.00 | surrender riding lawn tractor, which debtor never owned; Lien Voided avoid lien on TV; treat as general unsecured claim per Order 12/2/13 |
| American Fidelity Assurance Co | 403(b) | 4,950.00 | surrender collateral in full satisfaction of claim |

**STUDENT LOANS** which are not subject to discharge pursuant to 11 U.S.C. §§ 523(a)(8) and 1328(c) are as follows (such debts shall not be included in the general unsecured total):

| CREDITOR'S NAME | APPROX. AMT. OWED | CONTRACTUAL MO. PMT. | PROPOSED TREATMENT |
|---|---|---|---|
| Sallie Mae | $3,100.00 | | Both Creditors to be treated |
| Fed Loan Servicing | $125,296.00 | | as general unsecured claims |

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection payments: __-NONE-__

**GENERAL UNSECURED DEBTS** totaling approximately $ __133,480.52__. Such claims must be timely filed and not disallowed to receive payment as follows: ____ IN FULL (100%) or __0__ % (percent) MINIMUM, or a total distribution of $____, with the Trustee to determine the percentage distribution. **Those general unsecured claims not timely filed shall be paid nothing, absent order of the Court.**

| | |
|---|---|
| Total Attorney Fees Charged $ | 3,000.00 |
| Attorney Fees Previously Paid $ | 300.00 |
| Attorney fees to be paid in plan $ | 2,700.00 |

The payment of administrative costs and aforementioned attorney fees are to be paid pursuant to Court order and/or local rules with the attorney's fees being paid by an initial payment of $50.00 plus payment of 10% of the payments made by the debtors

| Automobile Insurance Co/Agent | Attorney for Debtor (Name/Address/Phone # / Email) |
|---|---|
| | Robert Gambrell 4409 |
| | 101 Ricky D Britt Sr Blvd, Ste 3 |
| | Oxford, MS 38655-4236 |
| Telephone/Fax | Telephone/Fax 662-281-8800 |
| | Facsimile No. 662-202-1004 |
| | E-mail Address rg@ms-bankruptcy.com |

DATE: November 1, 2013    DEBTOR'S SIGNATURE    /s/ Mechelle S Cox

JOINT DEBTOR'S SIGNATURE

ATTORNEY'S SIGNATURE    /s/ Robert Gambrell